## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF MISSISSIPPI

ASSOCIATED INTERNATIONAL            )
INSURANCE COMPANY, an Illinois      )
Corporation,                        )
                                    )
                                    )
                    Plaintiff,      )
vs.                                 )          Civil Action No. 16cv239 HSO-JCG
                                    )
FIRST SPECIALTY INSURANCE           )
CORPORATION, a Missouri Corporation,)
                                    )
                    Defendant.      )

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO
## FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1), 12(b)(6) AND 12(b)(7)

**1.    Relevant Allegations of Complaint.**

This motion is based on the facial insufficiency of AIIC's Complaint. The relevant facts are limited to the allegations in and exhibits to the Complaint. The material allegations of the Complaint are as follows:

**1.1.**    On July 28, 2014 workers acting on behalf of Accu-Fab & Construction, Inc. ("Accu-Fab") were working at Omega's Moss Point facility. ECF Doc. 1 (Complaint), ¶¶4-5. An explosion occurred, causing "one fatality and other personal injuries…as well as property damage." ECF Doc. 1 (Complaint), ¶4.

**1.2.**    Omega was insured under a primary policy issued by Ace American Insurance Company ("ACE") and an excess policy issued by FSIC. ECF Doc. 1, ¶4.

**1.3.**    Accu-Fab was insured under a primary policy with Colony Insurance Company ("Colony") and an excess policy with AIIC.  ECF Doc. 1, ¶5.

**1.4.**    Various claims have been asserted due to the explosion, including a wrongful death action against Omega. ECF Doc. 1, ¶6. ACE and Colony, the two primary insurers,

tendered their limits to settle this action, and both primary policies are exhausted. ECF Doc. 1, ¶6.

1.5.   Colony and AIIC filed a declaratory judgment action in the Circuit Court of Jackson County, Mississippi against Omega and Accu-Fab requesting a declaration that neither Colony nor AIIC owed coverage to Omega or Accu-Fab for claims. ECF Doc. 1, d¶6; ECF Doc. 1-E. Colony dismissed its declaratory judgment action against Omega after Colony paid its limits to settle the wrongful death action against Omega. ECF Doc. 1, ¶6. AIIC remains the only plaintiff and counter-defendant in the Jackson County, Mississippi state court declaratory judgment action. ECF Doc. 1, ¶6. This Motion refers to the state court action as the "AIIC State Court DJA." A copy of the complaint in the AIIC State Court DJA is Exhibit E to the Complaint in this action.

1.6.   Paragraphs 7 through 14 of the AIIC State Court DJA allege facts related to the AIIC Policy and set forth the purported basis for AIIC's assertion that it is not obligated to provide coverage to Accu-Fab or Omega. These paragraphs are substantively identical to paragraphs 8 through 15 of the Complaint in this action. *See* Exhibit 3 (redline comparison of ¶¶ 7-14 of AIIC State Court DJAs complaint with ¶¶8-15 of Complaint in this action).

1.7.   Paragraph 16 of the Complaint in this action contains the only coverage-related allegation that does not appear in the AIIC State Court DJA complaint. *See* ECF Doc. 1, ¶16. Paragraph 16 of the Complaint in this action re-alleges policy provisions alleged in Paragraph 8 of the AIIC State Court DJA complaint and Paragraph 9 of the Complaint in this action. ECF Docs. 1-E, ¶8; 1, ¶9. Paragraph 16

of the Complaint in this action goes on to more specifically allege coverage defenses alluded to in Paragraph 9 of the AIIC State Court DJA complaint and Paragraph 10 of the Complaint in this action. ECF Docs. 1, ¶¶10,16; 1-E, ¶9 Paragraph 16 of the Complaint in this action, is the only coverage-related allegation not in the AIIC State Court DJA, but does not add material facts or issues not included in the AIIC State Court DJA. ECF Doc. 1, ¶16.

1.8.    The prayer for relief in AIIC's complaint in the AIIC State Court DJA seeks a declaration that AIIC has "no duties of defense or indemnity to either Accu-Fab or Omega on account of any claims… arising out of the…explosion." The prayer for relief in AIIC's Complaint in this action fully subsumes this prayer, seeking the same relief but without limiting the request for relief to AIIC's policyholders, Accu-Fab and Omega, and adding a clause seeking to assign any such "duties of defense or indemnity" to FSIC. The prayer for relief in the Complaint in this action seeks a declaration that AIIC has "no duties of defense or indemnity on account of any claims…arising out of the…explosion, and further that such duties, if any, are owed by First Specialty."

1.9.    AIIC's Complaint in this action **does not allege** that:

1.9.1.    FSIC owes, has breached or may breach a duty to AIIC;

1.9.2.    FSIC has made a claim or demand of any type to AIIC;

1.9.3.    AIIC has made a claim or demand of any type to FSIC;

1.9.4.    AIIC's insureds, Accu-Fab and Omega, have made claims for coverage under the AIIC Policy;

1.9.5.   FSIC's only insured in this action, Omega, has made a claim for coverage under the FSIC Policy;

1.9.6.   AIIC will suffer harm, now or in the future, if it does not obtain the declaration it seeks in this action.

**1.10.**  AIIC's Complaint **does not seek** a declaration declaring AIIC's rights against FSIC or FSIC's rights against AIIC. The Complaint seeks a declaration concerning FSIC's obligations to its insured, Omega, and AIIC's obligations to its insureds, Accu-Fab and Omega. AIIC has not, however, joined Accu-Fab or Omega in this action.

**2.    AIIC Lacks Standing To Bring This Action, And The Action Must Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(1).**

**2.1.    Standing Under Article III And The Declaratory Judgment Act.**

Federal courts are courts of limited jurisdiction. *See Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). A federal court possesses only the jurisdiction authorized by the U.S. Constitution and statute. Article III, Section 2 of the Constitution limits the jurisdiction of federal courts to "cases" and "controversies." U.S. Const. Art. III, § 2, cl. 1. Courts have developed justiciability doctrines, such as standing and ripeness, that give meaning to Article III's limitation to "cases" and "controversies." *See Sample v. Morrison,* 406 F.3d 310, 312 (5th Cir. 2005).

A motion to dismiss for lack of subject matter jurisdiction must be granted if the court lacks statutory authority to hear and decide the dispute. Fed. R. Civ. P. 12(b)(1). The court must consider standing as part of its evaluation of subject matter jurisdiction. *See Goldin v. Bartholow,* 166 F.3d 710, 719-720 (5th Cir. 1999). Federal courts lack subject-matter jurisdiction when the plaintiff lacks standing. *See Warth v. Seldin*, 422 U.S. 490, 498-499 (1975). *Accord Grant ex rel. Family Eldercare v. Gilbert,* 324 F.3d 383, 386 (5th Cir. 2003) (federal courts cannot hear cases

by a plaintiff that lacks standing). The plaintiff has the burden of establishing subject-matter jurisdiction. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  "Standing is determined as of the time the action is brought." *Lone Star, FLCA v. Stream Natural Res. L.C.*, 2013 U.S. Dist. LEXIS 118948 at *10 (E.D. Tex. May 17, 2013) (quoting *Utah Ass'n of Counties v. Bush*, 455 F.3d 1094, 1099 (10th Cir. 2006)).

Where, as here, a motion under Federal Rule of Civil Procedure Rule 12(b)(1) is a facial attack on the court's jurisdiction, the court must decide "if the plaintiff has correctly alleged a basis for subject matter jurisdiction" from the complaint alone. *See Evans v. Watts*, 194 F. Supp. 2d 572, 573 (E.D. Tex. 2001); *Sleep Lab at West Houston v. Tex. Children's Hosp.*, 2015 U.S. Dist. LEXIS 70889 at *6 (S.D. Tex. Jun. 2, 2015). For the purposes of the motion, allegations in the complaint are taken as true. *See Williamson v. Tucker,* 645 F.2d 404, 412 (5th Cir. 1981).

AIIC brings this action pursuant to Federal Rule of Civil Procedure 57 asserting a claim under 28 U.S.C. §2201, the Declaratory Judgment Act. *See* ECF Doc. 1, p. 1. The Declaratory Judgment Act creates a remedy, but does not create a substantive cause of action. *See Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1179 (5th Cir. 1984). ("The federal Declaratory Judgment Act…is procedural only"). Though Congress enlarged the range of remedies available to the federal courts by creating the Declaratory Judgment Act, Congress did not extend the federal court's jurisdiction. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). "The requirements for a justiciable case or controversy are no less strict in a declaratory judgment proceeding than in any other type of suit." *Alabama State Federation of Labor v. McAdory*, 325 U.S. 450, 461 (1945).

The court in *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895-896 (5th Cir. 2000), summarized the uniqueness of standing in a declaratory judgment action as follows:

In *New Orleans Public Service, Inc. v. Council of New Orleans*, 833 F.2d 583 (5th Cir. 1987), we set out the standard for determining whether a dispute is ripe for adjudication in this circuit:

> A court should dismiss a case for lack of 'ripeness' when the case is **abstract or hypothetical**. The key considerations are 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.' A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required.

*Id.* at 586-87 (quoting *Abbott Labs,* 387 U.S. at 149, 87 S. Ct. 1507 (holding that a ripeness determination considers (1) fitness for review, and (2) hardship to parties of withholding judicial consideration)).

Many courts have recognized that applying the ripeness doctrine in the declaratory judgment context presents a unique challenge. *See, e.g., Rhode Island v. Narragansett Indian Tribe*, 19 F.3d 685, 692 (1st Cir. 1994) ("Applying this [*Abbott Labs*] test in the declaratory judgment context often requires custom tailoring, for there are at least two salient differences between declaratory actions and the mind-run of other cases: first, declaratory relief is more likely to be discretionary; and, second, declaratory actions contemplate an 'ex ante determination of rights' that 'exists in some tension with traditional notions of ripeness'") (citations omitted)). **Nonetheless, a declaratory judgment action, like any other action, must be ripe in order to be justiciable**. *See United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000) ("Declaratory judgments are typically sought before a completed 'injury-in-fact'  has occurred . . . but still must be limited to the resolution of an 'actual controversy.'") (citation omitted).

**A declaratory judgment action is ripe for adjudication only where an "actual controversy" exists.** *See* 28 U.S.C. § 2201(a) ("In a case of *actual controversy* within its jurisdiction . . . any court of the United States . . . may declare the right and other legal relations of any interested party seeking such declaration.") (emphasis added); *Texas v. West Publ'g. Co.*, 882 F.2d 171, 175 (5th Cir. 1989). **As a general rule, an actual controversy exists where "a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interests."** *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986) *see generally West Publ'g. Co.*, 882 F.2d at 175 (noting that the "case or controversy" requirement of Article III of the United States Constitution is "identical to the actual controversy requirement under the Declaratory Judgment Act."). Whether particular facts are sufficiently immediate to establish an actual controversy is a question that must be addressed on a case-by-case basis. *See Mobil Oil Corp. v. Oil, Chem. & Atomic Workers Int'l Union,* 483 F.2d 603 (5th Cir. 1973); 10B Charles A. Wright, et al., FEDERAL PRACTICE AND PROCEDURE § 2757, at 470 (1984).

*Orix*, 212 F.3d at 895-896 (emphasis added).

An insurer may use the declaratory judgment act to seek resolution of a dispute between the insurer and its policyholder or co-insurer when there is an immediate "danger of a violation of the law or a breach of a contractual duty." *Mutual Assur. v. Wright*, 1998 U.S. Dist. LEXIS 15576 at *5 (N.D. Miss. Sep. 11 1998). Indeed, declaratory judgment actions are common between insurers and their insured. *See, e.g., American Fidelity & Cas. Co. v. United States Fidelity & Guaranty Co.* 305 F.2d 633 (5th Cir. 1962); *Fireman's Fund Ins. Co. v. Sneed's Shipbuilding, Inc.* 2010 U.S. Dist. LEXIS 4835 (E.D. La. Jan. 4 2010). In all cases, however, the plaintiff must plead a current or imminent violation of the plaintiff's rights by the defendant. *See Mutual Assur. v. Wright*, 1998 U.S. Dist. LEXIS 15576 at *5 (N.D. Miss. Sep. 11 1998).

### 2.2.   AIIC Fails To Allege A "Case" Or "Controversy" And, Therefore, Lacks Standing To Bring This Action.

The gravamen of the Complaint in this action and the AIIC State Court DJA is that AIIC has no obligations to its insureds, Omega and Accu-Fab, under the AIIC Policy.  *See* ECF Doc. 1, p. 8. In this action, but not in the AIIC State Court DJA, AIIC also seeks a ruling that FSIC is liable to Omega for claims under the FSIC Policy arising from the July 2014 explosion. In neither case does AIIC seek to resolve obligations that AIIC owes to FSIC or obligations that FSIC owes to AIIC.

The Complaint seeks a declaration that AIIC "owes no duties of defense nor indemnity on account of any claims or causes of action arising out of the…explosion," but "that such duties, if any, are owed by First Specialty." The Complaint does not, however, allege a claim for defense or indemnity by any insured or that Omega has breached any duty it owes under the FSIC Policy or otherwise.

In summary, the Complaint fails to allege a "case" or "controversy," U.S. Const. Art. III, § 2, cl. 1, and seeks merely "abstract" and "hypothetical" relief. *Orix Credit Alliance, Inc.*, 212 F.3d at 895. The Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

**3.    AIIC's Complaint Fails To State A Claim Under The Declaratory Judgment Act, 28 U.S.C. §2201 And Must Be Dismissed Pursuant to Federal Rule of Civil Procedure 12(b)(6).**

**3.1.    Standard for Dismissal Under Federal Rule of Civil Procedure 12(b)(6).**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true and viewed in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). However, because it is only facts that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). It is only then that the court can view the well pleaded facts, "assume their veracity and …determine whether they plausibly give rise to an entitlement to relief." *Id*. The court may look to documents attached to the complaint and those incorporated by reference without converting a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *See Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

To survive a 12(b)(6) motion in a declaratory judgment action, plaintiff must state "sufficient facts to state a claim to satisfy the actual case and controversy requirement for a federal declaratory judgment action". *Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 751 (N.D. Tex. 2013). The requirements for pleading a valid "actual controversy" under the Declaratory Judgment Act claim are substantially the same as pleading an Article III "case" or "controversy."

> A federal declaratory judgment action requires an actual case or controversy, not a mere hypothetical issue. *Pub. Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 242 (1952). "Our decisions have required that the dispute be 'definite and concrete, touching the legal relations of parties having adverse legal interests'; and that it be 'real and substantial'...." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (internal citations omitted).

*Val-Com Acquisitions Trust v. Chase Home Fin., L.L.C.*, 420 Fed. Appx. 405, 406 (5th Cir. Tex. 2011) *See Texas v. West Pub. Co.*, 882 F.2d 171, 175 (5th Cir. 1989) ("It has been said that the case or controversy requirement of Article III of the United States Constitution is identical to the actual controversy requirement under the Declaratory Judgment Act. We have stated that an actual controversy is one where "a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interests.") (citations omitted).

### 3.2.    The Complaint Fails to State A Claim Against FSIC.

As more fully set forth in Section 2.9 – 2.10, the Complaint fails to allege an "actual controversy" under the Declaratory Judgment Act. The Complaint does not allege a controversy of any type between AIIC and FSIC or between these insurers and their insureds. In the absence of these essential allegations, the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## 4.    AIIC Has Failed To Join Required Parties Omega and Accu-Fab, and This Action Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(7).

### 4.1.    Required Parties Under Federal Rule of Civil Procedure 19.

Federal Rule of Civil Procedure 12(b)(7) allows for dismissal due to a plaintiff's failure to join a required party under Fed. R. Civ. P. 19. Determining whether a person or entity is a required party is highly-practical and fact-based. *See Hood ex rel. Mississippi v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009). The party arguing for joinder has the initial burden of demonstrating that a missing party is necessary. After "an initial appraisal of the facts

indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal

falls on the party who opposes joinder." *Id.* (quoting *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305,

1309 (5th Cir. 2006)).

      Proper joinder under Rule 19 is a two-step process. First, under Rule 19(a), the court

must decide if the absent party is a necessary party to the action. Second, under Rule 19(b), if the

absent party is a necessary party but its joinder is not feasible because it would destroy diversity,

the court must decide whether the absent party is an "indispensable" party to the action under

Rule 19(b). The joinder of Omega and Accu-Fab will not destroy diversity, so this analysis is

limited to addressing whether Omega and Accu-Fab are necessary parties under Rule 19(a)(1).

      A party is necessary if:

> (A) in that person's absence, the court cannot accord **complete relief** among
> existing parties; **or**
>
> (B) that person claims **an interest** relating to the subject of the action and is so
> situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the
> > interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double,
> > multiple, or otherwise inconsistent obligations because of the interest."

Fed. R. Civ. P. 19(a)(1) (emphasis added).

      A party to a contract is a required party under Fed. R. Civ. P. 19(a) in any action seeking

to interpret the contract. *See e.g., Enter. Mgmt. Consultants, Inc. v. United States*, 883 F.2d 890,

894 (10th Cir. 1989) ("No procedural principal is more deeply imbedded in the common law

than that in an action to set aside a lease or contract, all parties who may be affected by the

determination are indispensable"); *Ryan v. Volpone Stamp Co.*, 107 F. Supp. 2d 369, 387

(S.D.N.Y. 2000) ("It is well-established that a party to a contract which is the subject of the

litigation is considered a necessary party."); *Global Discount Travel Servs., LLC v. Trans World*

*Airlines, Inc.*, 960 F. Supp. 701, 707-08 (S.D.N.Y. 1997) ("As a direct party to the contract which is under dispute, Karabu is a necessary party to this litigation for at least three reasons articulated under" Fed. R. Civ. P. 19(a)).

### 4.2. Omega and Accu-Fab Are Required Parties Under Rule 19.

The Complaint alleges that Accu-Fab is an insured under the AIIC Policy and Omega is an "Additional Insured[]" under the AIIC Policy. *See* ECF Doc. 1, ¶¶5, 16. The Complaint seeks a declaration regarding AIIC's obligation to provide coverage to Accu-Fab and Omega under the AIIC Policy and FSIC's obligation to provide coverage to Omega under the FSIC Policy. *See* ECF Doc. 1, p. 8 (AIIC's prayer for "request[ing] that this Court enter a Final Judgment declaring that it owes no duties of defense or indemnity on account of any claims or causes of action arising out of the 7/28/14 explosion"). Both Accu-Fab and Omega are required parties under Fed. R. Civ. P. 19, because they are insureds under the one or more of the insurance policies at issue.[1]

AIIC has failed to join Accu-Fab or Omega as parties to this action. Accordingly, this action must be dismissed pursuant to Fed. R. Civ. P. 12(b)(7) for AIIC's failure to join required parties.

### 5. Conclusion.

The Complaint does not come close to alleging a proper "case" or "controversy" under Article III or an "actual controversy" under the Declaratory Judgment Act. By failing to join the

---

[1] A further goal of Fed. R. Civ. P. 19 is to prevent multiple lawsuits over the same issue. *See National Union Fire Ins. Co. v. Massachusetts Municipal Wholesale Electric Co.*, 117 F.R.D. 321, 322 (D. Mass. 1987). *See also Acton Co., Inc. of Massachusetts v. Bachman Foods, Inc.*, 668 F.2d 76, 78 (1st Cir. 1982) (joinder of additional party to contract is needed "not only to avoid piecemeal and duplicative litigation, but also to provide complete relief"). If a non-joined entity will be able to re-litigate in a state court action the same issues litigated in the federal action, the plaintiff in the federal action will not obtain complete relief, and the non-named party must be considered a required party under Rule 19(a)(1)(A). *See National Union*, 117 F.R.D. at 322. Omega is in the process of litigating AIIC's obligations under the AIIC Policy in the AIIC State Court DJA, resulting in the prospect of and piecemeal litigation and conflicting outcomes. As a result, Omega is a required party under Rule 19(a)(1)(B).

insureds whose insurance policy rights it seeks to resolve in this action, AIIC has failed to join required parties under Fed. R. Civ. P. 19. The instant motions should be granted.

Respectfully submitted,

/s/  David A. Barfield_____
David A. Barfield, (MS Bar #1994)

Wyatt, Tarrant & Combs, LLP
P.O. Box 16089
4450 Old Canton Road, Suite 210
Jackson, MS 39263-6089
Phone: 601-987-5300
Email: dbarfield@wyattfirm.com

One of the attorneys for Defendant, First Specialty Insurance Corporation

## CERTIFICATE OF SERVICE

I, David A. Barfield, one of the attorneys of record for First Specialty Insurance Corporation, do hereby certify that I have this day caused to be sent via ECF, a true and correct copy of the above and foregoing document to:

Mark D. Morrison, Esq.
Adcock & Morrison, PLLC
P. O. Box 3308
Ridgeland, MS  39158

***ATTORNEY FOR PLAINTIFF***

So certified, this the 25th day of August, 2016.

/s/  David A. Barfield_____
David A. Barfield

61535889.1