IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| ASSOCIATED INTERNATIONAL ) <br> INSURANCE COMPANY, an Illinois ) <br> Corporation, ) <br> ) <br> ) <br> Plaintiff, ) <br> vs. )      Civil Action No. 16cv239 HSO-JCG <br> ) <br> FIRST SPECIALTY INSURANCE ) <br> CORPORATION, a Missouri Corporation, ) <br> ) <br> Defendant. ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO ABSTAIN**

**1.     Introduction**

Defendant First Specialty Insurance Company ("FSIC") has simultaneously filed a "Motion to Dismiss Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 12(b)(7)" ("12(b) Motion"). If the Court denies the 12(b) Motion, FSIC requests the Court to exercise its discretion to abstain from exercising jurisdiction over this declaratory judgment action pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201 and the standards set forth in *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590 (5th Cir. 1994).

**2.     Relevant Allegations of Complaint.**

Section 1 of FSIC's Memorandum in support of its 12(b) Motion ("12(b) Memorandum") sets forth the relevant allegations from the Complaint and the substantially similar allegations from a declaratory judgment action that AIIC filed in the Jackson County, Mississippi Circuit Court ("AIIC State Court DJA"). FSIC respectfully refers the Court to Section 1 of the 12(b) Memorandum. The only additional facts that FSIC requests the Court to consider in connection with this Motion for Abstention are the following:

Omega has filed the following motions for summary judgment in the AIIC State Court Action DJA: (1) July 13, 2016, motion for summary judgment seeking a ruling that the pollution exclusion in the AIIC Policy does not exclude the claim at issue, *see* Ex. 1 (first page of motion), and (2) on August 25, 2016, Omega filed a motion for summary seeking a ruling that the "Primary Non-Contributory" clause in the AIIC Policy does not limit the coverage available to Omega. *See* Ex. 2.

**3.     Standards for Abstention.**

The Declaratory Judgment Act states that the Court "<u>may</u> declare the rights and other legal relations of any interested party seeking" a declaratory judgment. 28 U.S.C. § 2201(a) (emphasis added). The Declaratory Judgment Act "has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). "The ultimate issue in deciding how the court should exercise its discretion is 'whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in state court.'" *Burlington Ins. Co. v. Mother's Land, Inc.*, 2007 U.S. Dist. LEXIS 42706 at *2 (S.D. Miss. Jan. 23, 2007), *citing, Brillhart v. Excess Insurance Co. of America,* 316 U.S. 491, 495 (1942)).

Under the Declaratory Judgment Act, a district court has a broad measure of discretion in deciding whether to entertain the action. *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590 (5th Cir. 1994). *Accord New England Ins. Co. v. Barnett*, 561 F.3d 392, 394 (5th Cir 2009). The Declaratory Judgment Act "gives the court a choice, not a command." *Dresser Industries, Inc. v. Insurance Co. of North America*, 358 F.Supp. 327, 330 (N.D. Tex. 1973), *aff'd*, 475 F.2d 1402 (5th Cir. 1973). Only if a case can be settled most expeditiously in the federal court should a federal court grant a declaratory judgment remedy. *See Id.*

The court in *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994), identified seven nonexclusive factors for a district court to consider in deciding whether to decide or dismiss a declaratory action.[1] Each of the seven *Trejo* factors is discussed below.

### 3.1. First *Trejo* Factor: Whether there is a pending state action in which all of the matters in controversy may be fully litigated.

When a state court case could resolve all the issues between all the parties, this fact is relevant to whether a federal court should abstain from issuing a declaratory judgment. *See Certain Underwriters at Lloyd's v. Feazell*, 2015 WL 11120644 at *4 (S.D. Miss. Jan. 22, 2015). In this case, "all of the matters in controversy" "may be fully litigated" in the pending AIIC State Court DJA. *See Trejo*, 39 F.3d at 590. As explained in the 12(b) Memorandum, the Complaint in this action seeks substantially the same relief as the complaint in the AIIC State Court DJA with respect to AIIC's liability under the AIIC Policy for claims arising from the July 2014 explosion. *See* 12(b) Mem. pp. 2-3. The Complaint in this actions also seeks to resolve FSIC's liability for potential future insurance claims against it by Omega. The Complaint, however, alleges no "matter in controversy," indeed no dispute of any type, pertaining to these potential claims. Instead, AIIC seeks to define FSIC's obligations to Omega in the absence of a dispute with Omega and without Omega as a party. ECF Doc. 1, p. 8 (prayer for relief).

---

[1] In *Sherwin-Williams Co. v. Holmes County,* 343 F.3d 383 (5th Cir. 2003), the Fifth Circuit Court of Appeals extensively discussed various factors used to determine whether a federal court should accept jurisdiction of a declaratory action. The court noted that *St. Paul Insurance Co. v. Trejo,* 39 F.3d 585, 590 (5th Cir.1994) embodies the Fifth Circuit's version of the tests that have been adopted to address the three primary considerations found in *Brillhart, 351 U.S. at 495*: (1) proper allocation of decision-making between state and federal courts; (2) fairness; and (3) efficiency. *Sherwin-Williams,* 343 F.3d at 390. The *Sherwin-Williams* court noted that two of the *Trejo* factors, the fifth and sixth, focused on the proper allocation of decision-making between state and federal courts. Under the first and seventh *Trejo* factors, if there is another state action in which all matters in controversy can be fully litigated and with similar parties, the court should consider issues comity and efficiency. *Id.* at 391. The court also noted that second, third, and fourth *Trejo* factors address fairness concerns. *Id.* Finally, the court found that the fifth and sixth *Trejo* factors address efficiency concerns. *Id.*

**3.2.   Second *Trejo* Factor: Whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant.**

It is not apparent that AIIC filed this action "in anticipation of a lawsuit" by FSIC. It is apparent that this action seeks to resolve the coverage issues between AIIC and its insureds that are at issue in the AIIC State Court DJA, without the benefit of insureds as parties. "[L]awsuits filed for reasons found improper and abusive" should be considered anticipatory. *Sherwin-Williams*, 343 F.3d at 391. *See also Pacific Employers Ins. Co. v. M/V Capt. W.D. Cargill*, 751 F.2d 801, 804 (5th Cir. 1985). Under that standard, this action is anticipatory.

**3.3.   Third *Trejo* Factor: Whether the plaintiff engaged in forum shopping in bringing the suit.**

Merely filing a declaratory judgment action with a pending state court action is not forum shopping *per se* but "lawsuits filed for reasons found improper and abusive" should be considered forum shopping. *Sherwin-Williams*, 343 F.3d at 391. FSIC is unaware of the reasons that AIIC filed this action, but proceeding with this action will result in a race to judgment with the parties in the AIIC State Court DJA and potentially result in inconsistent judgments. We submit that filing this action in these circumstances is a category of forum shopping that may be fairly characterized a "improper."

**3.4.   Fourth *Trejo* Factor: Whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist.**

It would be inequitable for AIIC to proceed with this action and resolve its obligations to its insured after instituting an action against the same insureds on the same issues in state court. The inequity is especially apparent in view of the fact the insureds whose rights will be resolved in this action are not parties to the action. *See Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 (5th Cir. 1983) (dismissal of federal declaratory judgment action proper when the action would allow plaintiff to gain precedent over parallel state court litigation).

**3.5.   Fifth *Trejo* Factor: Whether the federal court is a convenient forum for the parties and witnesses.**

The forum is no more or less convenient for the parties and witnesses than the current Jackson County Circuit Court forum.

**3.6.   Sixth *Trejo* Factor: Whether retaining the lawsuit would serve the purposes of judicial economy.**

Retaining the pending lawsuit would not advance judicial economy. If Accu-Fab and Omega are added as parties, as FSIC contends they must be under Fed. R. Civ. P. 19, Omega and Accu-Fab would be required to litigate the same issues in this court as they are litigating in the Jackson County Circuit Court, occupying the time of this court and the state court. *See United Nat'l Ins. Co. v. Jackson Redevelopment Auth. Bd. Of Comm'r*, 2015 WL 144930 at *2 (S.D. Miss. Jan. 12, 2015) (allowing one court resolve all claims in one action is preferable to splitting up same or related claims into multiple proceedings).

**3.7.   Seventh *Trejo* Factor: Whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.**

This action does not currently call upon this Court to construe a state judicial decree. If issues, such as the pending summary judgment motions, are resolved in the AIIC State Court DJA before they are resolved here, however, this court would be called upon to "construe a state judicial decree involving the same parties" after Omega and Accu-Fab are joined in this action. *Trejo*, 39 F.3d at 591.

**4.   Conclusion.**

The same coverage issues between AIIC and its insureds alleged in the Complaint are at issue in the AIIC State Court DJA that AIIC instituted more than one year ago. AIIC can and should fully litigate those issues in the state court. If the court declines to dismiss this action

12(b) Motion, we respectfully submit that the Court should abstain and require AIIC to proceed in state court.

Respectfully submitted,

/s/ David A. Barfield_____
David A. Barfield, (MS Bar No. 1994)
One of the attorneys for Defendant, First
Specialty Insurance Corporation

Wyatt, Tarrant & Combs, LLP
P.O. Box 16089
4450 Old Canton Road, Suite 210
Jackson, MS 39263-6089
Phone: 601-987-5300
Email: dbarfield@wyattfirm.com

## CERTIFICATE OF SERVICE

I, David A. Barfield, one of the attorneys of record for First Specialty Insurance Corporation, do hereby certify that I have this day caused to be sent via ECF, a true and correct copy of the above and foregoing document to:

Mark D. Morrison, Esq.
Adcock & Morrison, PLLC
P. O. Box 3308
Ridgeland, MS  39158

***ATTORNEY FOR PLAINTIFF***

So certified, this the 25th day of August, 2016.

/s/ David A. Barfield
David A. Barfield

61535879.1