**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| ASSOCIATED INTERNATIONAL | ) | |
| INSURANCE COMPANY, an Illinois | ) | |
| Corporation, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Civil Action No. 16cv239 HSO-JCG |
| | ) | |
| FIRST SPECIALTY INSURANCE | ) | |
| CORPORATION, a Missouri Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**FSIC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO**
**FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1), 12(b)(6) AND 12(b)(7)**

**1.      Summary.**

Neither AIIC's complaint in this action, nor the additional albeit inadmissible evidence

that AIIC includes with its response to the pending motions to dismiss ("Response"), come close

to asserting a "case" or "controversy" or an "actual controversy" between AIIC and FSIC. As a

result, FSIC's Rule 12(b)(1) and 12(b)(6) motions should be granted.

AIIC's complaint in this action ("Complaint") requests the Court to declare that AIIC

"owes no duties of defense nor indemnity" to its insureds, Omega and Accu-Fab, arising from

the July 2014 explosion at issue ("Explosion"). Complaint, ECF Doc. 1, p. 8. AIIC has failed,

however, to join the insureds whose rights to coverage it seeks to terminate in this action.

Accordingly, AIIC's complaint should be dismissed pursuant to Rule 12(b)(7). If the Court

orders the insureds to be joined in this action instead, FSIC requests the Court to weigh the

effects of this joinder, including the duplication of actions, when considering FSIC's Motion to

Abstain. *See* ECF Doc. 8.

**2.      Reply Regarding Motion to Dismiss Pursuant to Rule 12(b)(1).**

    **2.1.      AIIC's Response to FSIC's Rule 12(b)(1) Motion.**

AIIC asserts that it has pled a "case" or "controversy" between itself and AIIC because "there is presently pending before this Court a suit [captioned *Walls v. Omega*] implicating the potential insurance coverage available from both FSIC and AIIC (the "*Walls*" action)." ECF Doc. 15, p. 2. AIIC goes on to explain that "there is truly at present a viable 'case or controversy' between FSIC and AIIC, as the potentially responsible insurers given the pendency of not only the Walls litigation, but the upcoming Settlement Conference scheduled for 9/27/16 before Magistrate Walker." ECF Doc. 15, p. 3. AIIC notes that, "[a]s the only two (2) remaining insurers potentially responsible for providing coverage to Omega for not only the Walls litigation, but also any future claims arising out of the subject 7/28/14 industrial explosion, it can hardly be said that AIIC lacks standing to pursue this declaratory judgment action, or that there is no justiciable 'case or controversy' between the parties hereto." ECF Doc. 15, pp. 4-5.

In addition to attaching the complaint in *Walls,* the Response attaches three letters exchanged between AIIC's attorney and Omega's attorney (collectively the "Extrinsic Evidence"). In these letters, Omega claims coverage from AIIC for any liability that Omega incurs in *Walls,* and AIIC denies coverage. None of the letters mention FSIC.

    **2.2.      The Extrinsic Evidence Is Irrelevant.**

AIIC's Response does not seek to defend the facial sufficiency of its Complaint. The Response relies on the Extrinsic Evidence to establish that a "case" or "controversy" exists between AIIC and FSIC. The Response fails to provide a cogent explanation of how the Extrinsic Evidence does this. The Extrinsic Evidence merely establishes that there is a new lawsuit against Omega, the *Walls* lawsuit, that AIIC's and Omega's ongoing disagreement over

coverage extends to Omega's potential liability arising from *Walls* and that a settlement conference is scheduled in *Walls*. AIIC asks the Court to conclude from this that there is a current dispute between AIIC and FSIC, because they are the two remaining "potentially responsible insurers."  ECF Doc. 15, p. 3.

AIIC's position appears to be that anytime there are two or more "potentially responsible insurers" for a given claim, there is necessarily an actionable "case" or "controversy" between the insurers. *Id*. There is no basis in logic or law for this conclusion. AIIC identifies no current dispute between AIIC and FSIC. Any potential future dispute between them is "hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop." AIIC Resp., ECF Doc. 15, p. 4, *quoting*, *Axa Re Prop. & Cas. Ins. Co. v. Day*, 162 F. Appx. 316, 319 (5th Cir. 2006).

It is *possible* that, at some future date, Omega will be held liable for or will settle the *Walls* claim. At that time, AIIC or FSIC *could* pay the claim while the other refuses to contribute to the claim or contributes less than demanded. It is *possible* that either insurer, believing it has paid more than its share of the claim, could then sue the other for equitable contribution or equable subrogation under Mississippi law. *See generally Southern Ins. Co. v. Affiliated FM Ins. Co.*, 2016 U.S. App. LEXIS 13350 (5th Cir. Miss. July 21, 2016) (discussing elements of equitable contribution among insurers under Mississippi law); *Nat'l Union Fire Ins. Co. v. Blasio, 2008 U.S. Dist. LEXIS 42669, *23 (N.D. Miss. May 23, 2008* (discussing elements of equitable subrogation among insurers under Mississippi law).

AIIC, however, has made no allegation and provided no evidence to demonstrate that FSIC *presently* owes, has breached or may breach a legal or equitable duty it owes to AIIC, that FSIC or AIIC has made a claim or demand of any type upon the other, or that AIIC will suffer

harm, now or in the future, if it does not obtain the declaration it seeks in this action. AIIC seeks

no relief from FSIC. AIIC requests the Court to construe AIIC's and FSIC's respective

obligations to their policyholders, not to each other. Even with the Extrinsic Evidence, AIIC has

not set forth a current controversy between itself and FSIC.

### 2.3.    The Extrinsic Evidence Is Not Properly Before the Court.

FSIC's Rule 12(b)(1) motion does not challenge the *factual basis* for subject matter

jurisdiction. The motion accepts the Complaints factual allegations as true and attacks the *facial*

*validity* of the Complaint. As the first sentence of FSIC's supporting memorandum states: "This

motion is based on the facial insufficiency of AIIC's Complaint." *See* ECF Doc. 7, p. 1. As a

result, the analysis of subject matter jurisdiction must be limited to the face of the Complaint.

AIIC would have been correct in submitting the Extrinsic Evidence, if FSIC had gone

beyond the allegations in the Complaint and challenged the factual basis for subject matter

jurisdiction. For example, if FSIC had challenged diversity jurisdiction by claiming that it is not,

as alleged, a citizen of Missouri, but is instead a citizen of Illinois, AIIC would have been

entitled to submit evidence from the Missouri secretary of state or elsewhere to prove that FSIC

was incorporated in Missouri.

The court in *Sleep Lab at West Houston v. Tex. Children's Hosp.*, 2015 U.S. Dist. LEXIS

70889 at *6-7 (S.D. Tex. Jun. 2, 2015) (cited in FSIC Mem., ECF Doc. 7, p. 5), explained the

proper handling of factual and facial challenges to a complaint under Rule 12(b)(1) motion.

> Federal Rule of Civil Procedure 12(b)(1) governs challenges to the court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Association of Mississippi, Inc. v. City of Madison, Mississippi*, 143 F.3d 1006, 1010 (5th Cir. 1998). "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County, Texas*, 798 F.2d 736, 741 (5th Cir.

1986). Rule 12(b) (1) challenges to subject matter jurisdiction come in two forms: "facial" attacks and "factual" attacks. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). **A facial attack** consists of a Rule 12(b)(1) motion unaccompanied by supporting evidence that challenges the court's jurisdiction **based solely on the pleadings.** *Id.* A factual attack challenges the existence of subject matter jurisdiction in fact -- irrespective of the pleadings -- and matters outside the pleadings -- such as testimony and affidavits -- may be considered. *Id.* Because HCSC [the Defendant] has not submitted evidence outside plaintiff's pleadings in support of its Rule 12(b) (1) motion to dismiss, **the motion is a facial attack; and the court's review is limited to whether the complaint sufficiently alleges jurisdiction.** Plaintiff, as the party asserting federal jurisdiction, has the burden of showing that the jurisdictional requirement has been met. *Alabama-Coushatta Tribe of Texas v. United States*, 757 F.3d 484, 487 (5th Cir. 2014). When facing a challenge to subject matter jurisdiction and other challenges on the merits, courts must consider the Rule 12(b)(1) jurisdictional challenge before addressing the merits of the case. *Id.*

*Sleep Lab*, 2015 U.S. Dist. LEXIS 70889 at *6-7 (emphasis added).

The Fifth Circuit decided *Lee v. Verizon Communs., Inc.*, No. 14-10553, 2016 U.S. App. LEXIS 16929, at *14 (5th Cir. Sep. 15, 2016), after FSIC filed the instant 1212(b) motions. The *Lee* court articulated the same rule set forth in *Sleep Lab*, explaining that, "[a]s a matter of subject matter jurisdiction, standing…is subject to challenge through Rule 12(b)(1). Where, as here, the movant mounts a 'facial attack' on jurisdiction based only on the allegations in the complaint, the court simply considers 'the sufficiency of the allegations in the complaint because they are presumed to be true.'" *Id.*

AIIC wrongly relies on *Lane v. Halliburton*, 529 F.3d 548 (5th Cir. 2008) and *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233 (5th Cir. 2009) for the proposition that this court *may*, but is not required to, consider AIIC's Extrinsic Evidence to counter FSIC's facial challenge to the AIIC Complaint.[1] Neither *Lane* nor *Ambraco* addressed whether a plaintiff may submit evidence

---

[1] *See Evans v. Watts*, 194 F. Supp. 2d 572, 573 (E.D. Tex. 2001) ("Motions filed under Rule 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court based on the allegations on the face of the complaint. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir.1996). A facial attack on subject matter jurisdiction requires the court to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction. A facial attack is valid if from the face of the pleadings, the court can determine it lacks subject matter jurisdiction.") (citation omitted) (cited in FSIC Mem., ECF Doc. 7, p. 5). *Lane* and *Haliburton* rely on *Barrera-Montenegro v. USA*, 74 F.3d 657 (5th Cir. 1996). The *Barrera* court stated that "the district court … has the **power to dismiss** [pursuant to Rule 12(b)(1)] **on any one of three separate bases**: (1) the complaint alone; (2) the complaint supplemented by

beyond the four corners of its complaint in response to a "facial attack" on its complaint. Neither

case stands for the proposition that a plaintiff may counter a "facial attack" with extrinsic

evidence. *Sleep Lab*, 2015 U.S. Dist. LEXIS 70889 at *6.

The motion in *Lane* involved a "factual attack" on the court's subject matter jurisdiction.

The plaintiffs in *Lane* were truck drivers employed by a company under contract with the U.S.

Army to drive trucks in Iraq in 2004. *See Lane*, 529 F.3d at 554-55. The drivers were injured or

killed when their truck convoys were attacked by Iraqi insurgents. *Id*. The drivers and their

estates sued the contractors alleging that the contractors misrepresented the risks of the drivers'

work in Iraq. *Id*.  The District Court granted the defendant contractors' Rule 12(b)(1) motion on

the basis that "the Plaintiffs' claims raised nonjusticiable political questions" because "the

actions of [the contractor] and the Army regarding the decision-making and control of the

Plaintiffs' convoys were so intertwined that to question [the contractor's] decisions is necessarily

to question the Army's decisions. *Lane*, 529 F.3d at 555-56, 561.

The Circuit Court's opinion that the defendant submitted Logistics Civil Augmentation

Program ("LOGCAP") documents, U.S. Army Regulations, The Army Field Manual and "ample

evidence that the military finds the use of civilian contractors in support roles to be an essential

component of a successful war-time mission." *Lane v. Halliburton*, 529 F.3d at 554. One of the

District Court decisions consolidated for appeal in *Lane* reveals that deposition testimony and

other documents were submitted as well. *See Fisher v. Halliburton, Inc.*, No. H-05-1731, 2006

U.S. Dist. LEXIS 68413, at *16-18 (S.D. Tex. Sep. 22, 2006). Unlike the instant motion, Lane

did not involve a "facial attack" on the complaint. It involved a "factual attack." *See Sleep Lab*,

2015 U.S. Dist. LEXIS 70889 at *6.

---

undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Barrera, 74 F.3d at 659. *Barrera*, along with *Lane* and *Ambraco* make it clear that this court may dismiss AIIC's claim based solely on the allegations in the complaint.

Furthermore, *Lane* involved the unique need for extrinsic evidence anytime a political question is the basis for a challenge to the court's jurisdiction. *Lane*, 529 F.3d at 557-58 (a "political question" raises justiciability, not subject matter jurisdiction, in the first instance, and justiciability "demands a 'discriminating inquiry into the precise facts and posture of the particular case' before a court may withhold its own constitutional power to resolve cases and controversies.") (citations omitted)

The defendants in *Ambraco* attacked the plaintiff's choice of venue in an admiralty case on the basis that the relevant bill of lading included a forum selection clause that required the case to be heard in England. *Ambraco*, 570 F.3d at 237. The Circuit Court did not specify whether it was proceeding under Rule 12(b)(1) or Rule 12(b)(3) and did not specify whether the defendant submitted extrinsic evidence in support of its motion for change of venue. *Ambraco*, 570 F.3d at 238, n. 1 ("[T]his court on at least [three] previous occasions has declined to address the enigmatic question of whether motions to dismiss on the basis of forum selection clauses are properly brought as motions under Fed. R. Civ. P. 12(b)(1) [or] 12(b)(3). We once again decline to settle this dispute.") (internal quotations and citations omitted).

Nothing in *Ambraco* or *Lane* suggests that the Fifth Circuit's decision this month in *Lee* or the district court decision in *Sleep Lab* are in error. AIIC's Response should have been limited to defending the factual allegations in its Complaint, and, although irrelevant, the Extrinsic Evidence is not properly before the Court.

**3.    Reply Regarding Motion to Dismiss Pursuant to Rule 12(b)(6).**

As noted in FSIC's Memorandum, "The requirements for pleading a valid 'actual controversy' under the Declaratory Judgment Act…are substantially the same as pleading an Article III 'case' or 'controversy.'" ECF Doc. 7, p. 8-9, *quoting*, *See Texas v. West Pub. Co.*, 882

F.2d 171, 175 (5th Cir. 1989). AIIC does not assert that a court may look beyond the pleadings to determine whether an "actual controversy" exists under the Declaratory Judgment Act, 28 U.S.C. 2201. *See* FSIC Mem., ECF Doc 7, p. 8 ("actual controversy" determined based on "well pleaded facts"). Nonetheless, AIIC makes no attempt to establish that the allegations in its Complaint allege an "actual controversy."

As explained above and in FSIC's Memorandum, the AIIC Complaint fails to allege a current dispute between AIIC and FSIC, much less one that is "definite and concrete," "real and substantial." *Val-Com Acquisitions Trust v. Chase Home Fin., L.L.C.*, 420 Fed. Appx. 405, 406 (5th Cir. Tex. 2011) (internal quotations and citations omitted), cited in FSIC Mem., ECF Doc. 7, p. 9. Accordingly, FSIC's Rule 12(b)(6) motion should be granted.

**4.     Reply Regarding Motion to Dismiss Pursuant to Rule 12(b)(7).**

**4.1.     Omega and Accu-Fab Are Required Parties.**

FSIC's Memorandum in support of its Rule 12(b)(7) motion contends that Accu-Fab and Omega are required parties under Fed. R. Civ. P. 19, because the Complaint requests the court to adjudicate their rights to coverage under the AIIC and FSIC policies at issue. ECF Doc. 7, p. 11. AIIC responds by arguing that "joinder of any insured, whether named (Accu-Fab) or purported (Omega), is simply not required in a declaratory judgment action wherein the sole purpose is to determine the insurance carriers' respective duties and responsibilities for coverage for present and future claims." ECF Doc. 15, p. 7.

Any "duties of defense or indemnity" that AIIC owes are owed to its insureds, not to FSIC. ECF Doc. 1, p. 8. The AIIC Complaint's request for a declaration stating that AIIC "owes no duties of defense or indemnity" for claims arising from the Explosion seeks to terminate rights that *only* AIIC's insureds possess. *Id*. (Italics added) As a result, Accu-Fab and Omega are

required parties in this action. *See Enter. Mgmt. Consultants, Inc. v. United States*, 883 F.2d 890,

894 (10th Cir. 1989) ("No procedural principal is more deeply imbedded in the common law

than that in an action to set aside a lease or contract, all parties who may be affected by the

determination are indispensable") (cited in FSIC's memorandum, ECF Doc. 7, p. 10.

AIIC's only citation in support of its contention that an insured is not a required party to

an action seeking to declare (here terminate) an insured's rights in a policy under which it claims

coverage is as follows: "See, 7 Charles Alan Wright, et al., Federal Practice and Procedure

§1619, n. 9 (3rd Ed. 2001) (*citing numerous supporting cases*)." ECF Doc. 15, p. 9 (italics

added). In fact, the referenced section of this treatise cites no "supporting cases." *See e.g. Homes

Ins. Co. v. Liberty Mut. Ins. Co.*, 678 F.Supp. 1066, 1070 (S.D.N.Y. 1988) (when insured had

been fully indemnified and the action was strictly an intercarrier dispute concerning priority of

contribution to a settlement, joinder was not necessary); *St. Paul Fire & Marine Ins. Co. v. Aetna

Casualty & Surety Co.*, 357 F.2d 315, 316 (10th Cir. 1966) (when both insurers conceded they

were obligated to pay the entire loss if the other insured did not pay the loss, joinder of the

insured was not required because the insured would be fully protected regardless of the

outcome); *North American Hotels, Ltd. v. Home Indem. Co.*, 112 F.R.D. 25, 27 (E.D. Pa. 1986)

(insured was not a necessary party when the first insurer agreed to indemnify the insured in any

amount in excess of the second insurer's coverage). *Bituminous Ins. Co. v. Pennsylvania Mfrs'

Assoc. Ins. Co.,* 427 F.Supp. 539, 547 (E.D. Pa. 1976) (insured was not an indispensable party

between general contractor's insurance and subcontractor's insurer, because the total recovery

sought in the underlying claims were less than the limits of coverage in all of the policies);

*Allstate Ins. Co. v. Philip Leasing Co.*, 214 F. Supp. 273, (D.S.D. 1963) (*injured party* was not a

necessary party in a declaratory judgment action between insurer and insured to determine the coverage).

AIIC argues that Omega is not a required party, because "FSIC is fully motivated to make the very same substantive arguments in favor of coverage under AIIC's policy on its named insured's behalf as would Omega if it were a party to this litigation." AIIC cites does not explain this assertion and cites no authority to support it. The assertion should be given no weight. *See generally Wells Fargo Bank, N.A. v. Jones*, 391 B.R. 577, 604 (E.D. La. 2008) (argument accorded no weight due to absence of legal authority).

**4.2.    AIIC's Complaint Should Be Dismissed Pursuant to Rule 12(b)(7).**

FSIC does not dispute AIIC's assertion that "Omega [and] Accu-Fab…could in fact be joined as parties without destroying diversity," ECF Doc. 15, p. 6. FSIC contends, however, that their joinder in this action is inappropriate under the facts of this case. Omega, Accu-Fab and AIIC are presently parties in the state court declaratory judgment action that AIIC filed in April, 2015 involving the same coverage issues as this case. *See* ECF Doc. 7, p. 2, §§1.5-1.6 and ECF Doc. 7-3 (demonstrating that substantive allegations in AIIC's state court declaratory judgment action and this action are substantially identical). Furthermore, Omega's motions for summary judgment on specific coverage issues are pending in the state court action. ECF Doc. 9, p. 2; ECF Doc. 8-1 and 8-2 (filed-stamped cover pages from motions for summary judgment in AIIC state court declaratory judgment action). Even though joinder may be required under the language of Fed. R. Civ. P. 19, joining Omega and Accu-Fab in this action would burden those parties with needleless and unwarranted duplicative litigation. *See CTI Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284 (11th Cir. 1982) ("in making the decision whether the party in

question should be joined if feasible under Rule 19(a), pragmatic concerns, especially the effect

on the parties and the litigation, control") (internal quotations omitted).

If the court finds that joinder is required, however, the fundamentally unfair situation in

which Omega and Accu-Fab would be placed by being joined in this action weighs in favor of

FSIC's Motion to Abstain, ECF Doc. 8.

**5.     FSIC Objects To AIIC's Request for Leave to Amend Its Complaint, If Any of FSIC's Motions To Dismiss Are Granted.**

AIIC requests leave to amend its complaint if the Court grants FSIC's 12(b)(1) or

12(b)(6) motion. ECF Doc. 15, p. 7. Fed. R. Civ. P. 15(a) calls for amendment of pleadings to be

"freely given when justice so requires." "However, [amendment] is by no means automatic."

*Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). AIIC has been unable to identify

any current dispute between FSIC and AIIC, despite AIIC's submission of extrinsic evidence

with its Response. AIIC has provided no basis for concluding that it will be able to do so in an

amended complaint. A court may deny a leave to amend a complaint dismissed pursuant to Rule

12(b) when amendment would be futile. *See Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th

Cir. Tex. 1993); *Bridges v. Jackson State Univ.*, 2016 U.S. Dist. LEXIS 81204, *5 (S.D. Miss.

June 22, 2016). Absent a material change in circumstances creating an actual, justiciable

controversy between AIIC and FSIC, amendment would be futile.

**6.     Conclusion.**

Neither AIIC's complaint in this action nor the Extrinsic Evidence demonstrate that there

is a "case" or "controversy" between AIIC and FSIC as required by Article III, or an "actual

controversy" as required by 28 U.S.C. §2201, and this action should be dismissed pursuant to

Rules 12(b)(1) and 12(b)(6) respectively. This action should also be dismissed pursuant Rule

12(b)(7), because Omega and Accu-Fab are required parties and should not be joined in light of

their participation in AIIC's nearly identical and ongoing state court declaratory judgment action.

Respectfully submitted, this the 22nd day of September, 2016.

FIRST SPECIALTY INSURANCE
CORPORATION


By: /s/ *David A. Barfield*
David A. Barfield, Esq.

David A. Barfield, Esq. (MSB No. 1994)
dbarfield@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
4450 Old Canton Road, Suite 210 (39211)
Post Office Box 16089
Jackson, Mississippi 39236-6089
Telephone: (601) 987-5300
Facsimile: (601) 987-5353

Dale T. Miller, ,Esq.
dale@lm-law.com
Lindemann Miller LLP
233 S Wacker Dr., Suite 8400
Chicago, IL 60606-6338
Telephone: 312-300-4505
Fax: 312-300-4525

## CERTIFICATE OF SERVICE

I, David A. Barfield, one of the attorneys of record for First Specialty Insurance Corporation, do hereby certify that I have this day caused to be sent via ECF, a true and correct copy of the above and foregoing document to:

Mark D. Morrison, Esq.
Adcock & Morrison, PLLC
P. O. Box 3308
Ridgeland, MS  39158

***ATTORNEY FOR PLAINTIFF***

So certified, this the 22nd day of September, 2016.

/s/ *David A. Barfield*
David A. Barfield

61544926.1