IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| ASSOCIATED INTERNATIONAL INSURANCE COMPANY, an Illinois Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST SPECIALTY INSURANCE CORPORATION, a Missouri Corporation,<br><br>Defendant. | Civil Action No. 16cv239 HSO-JCG |

**FSIC'S REPLY IN SUPPORT OF ITS MOTION TO ABSTAIN**

**1.     Introduction.**

AIIC's Response does not individually address the seven abstention factors set forth in *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585, 590 (5th Cir.1994). The Response addresses *Trejo* factors one and seven and a summary of *Trejo* factors two through six. *See* AIIC Response, ECF Doc. 17, p. 3, *citing*, *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 388 (5th Cir. 2003). *See also* FSIC Mem., ECF Doc. 9, p. 3, n.1 (discussing *Sherwin-Williams* and its relationship to *Trejo*). This Reply addresses each of the factors or summary of factors set forth in AIIC's Response.

**2.     Allowing This Action to Proceed Will Not Promote Comity or Efficiency.**

AIIC states that the first Trejo factor requires the court to evaluate comity and efficiency. ECF Doc. 17, p. 3. AIIC contends that comity and efficiency weigh against abstention because "there is not an 'identity of parties'" in this action and the AIIC state court declaratory judgment

action, *AIIC v. Accu-Fab and Omega*, Case No. 2015-00,082, Cir. Ct. for Jackson County, Mississippi ("AIIC State Court DJA").[1] AIIC Mem., ECF Doc. 17, p. 3-4.

The court in *United States v. Composite State Board of Medical Examiners, etc.*, 656 F.2d 131 (5th Cir. 1981), explained comity this way:

> Whether it is labeled "comity", "federalism", or some other term, it is the unnecessary conflict between state and federal governments that is sought to be avoided. *** The concepts of comity and federalism embody a "proper respect for state functions," a "sensitivity to the legitimate interests of both State and National Governments," and a "continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways."

*Composite State Board*, 656 F.2d at 136 (5th Cir. 1981), *citing*, *Younger v. Harris*, 401 U.S. 37, 44 (1971). The parties in this action and the AIIC State Court DJA are not identical, because FSIC is not a party to the state court action and the relevant insureds, Omega and Accu-Fab, are not parties to this action.[2] Although FSIC is a party to this action, AIIC seeks no relief from FSIC in this action. *See* ECF Doc. 7, pp. 3; ECF Doc. 1, p. 8 (Complaint, request for relief). The complaint in this action seeks to resolve AIIC's coverage obligations to Omega and Accu-Fab, without including Omega or Accu-Fab as parties to this action. *See Id*. The complaint in this action also seeks to resolve FSIC's coverage obligations to Omega, *see Id.,* but there is no allegation or evidence that there is *presently a dispute* between FSIC and Omega regarding coverage. In summary, the real parties in interest, AIIC, Omega and Accu-Fab, are joined in the AIIC State Court Action, not in this action.

Comity does not support allowing AIIC to present to this court the same coverage issues that have been pending before the Jackson County Circuit Court since May 15, 2015, merely

---

[1] References to the AIIC State Court DJA include Omega's counterclaim for declaratory judgment against AIIC in that action.
[2] FSIC's pending Rule 12(b)(7) motion asserts that Omega and Accu-Fab are required parties. Although Omega opposes their joinder in this action, if the Court finds that joinder is necessary, all of the parties in the AIIC State Court DJA would be parties to this action as well.. *See* ECF Doc. 6 (FSIC's 12(b)(7) motion).

because the parties in the two actions are not identical. This is especially true where, as here, AIIC initiated the claims in the state court (via intervention) and Omega's motions for partial summary judgment against AIIC are pending in the state court. The only actual dispute regarding coverage is between AIIC and its insureds, Omega and Accu-Fab. That dispute can *only* be litigated in the AIIC State Court Action, because that is the only action in which Omega and Accu-Fab are parties.

Efficiency would not be served by allowing this duplicative coverage action to proceed while the AIIC State Court DJA, including Omega's counterclaim for a declaration of coverage for claims arising from the Explosion, remains pending.

**3.    This Action Was Commenced on Improper or Unfair Grounds.**

The second criteria that AIIC's Response identifies is "whether the plaintiff is using the declaratory judgment process to gain access to a federal forum on improper or unfair grounds." ECF Doc. 17, p. 4, *citing*, *Sherwin-Williams*, 343 F.3d at 391. AIIC argues that "[t]here is nothing improper and/or abusive with respect to AIIC's decision to proceed with a more 'streamlined' declaratory judgment action between the only two truly interested insurers at this juncture with respect to claims arising out of the subject 7/28/14 explosion at Omega's facility." ECF Doc. 17, p. 4.

This action is "streamlined" only because the real parties in interest, the insureds, are not included as parties in this action. As demonstrated in FSIC's 12(b) Memorandum, ECF Doc. 7, AIIC's complaint in this action is substantially identical to its complaint against Omega and Accu-Fab in the AIIC State Court Action. *See* ECF Doc. 6-3 (redline comparison of AIIC's allegations in this action and its allegations in the AIIC State Court DJA). Allowing this

duplicative federal court action to proceed, potentially yielding rulings that conflict with those of the state court, is improper and unfair.

**4.     Allowing This Action to Proceed Will Not Promote Judicial Economy.**

AIIC asserts that "[j]udicial economy would…be served by allowing this declaratory action to proceed to judgment as it involves the sole remaining insurers from whom monies for settlement and/or satisfaction of any judgment will potentially be obtained for any present and future claims, without the involvement of unnecessary parties and their counsel." ECF Doc. 17, pp. 4. In support of this, AIIC asserts that this forum is "in close proximity to the location of the [Explosion]," the *Walls* personal injury action is pending in this court, and this action "involves the sole remaining [potentially liable] insurers." ECF Doc. 17, p. 4.

Addressing these contentions in the order AIIC presents them, the Jackson County Courthouse, located at 3104 Magnolia St, Pascagoula, Mississippi, is less than 8 miles from the Omega facility where the Explosion occurred. This court is roughly 41 miles from that facility.[3]

AIIC does not explain how it enhances judicial economy for *Walls* and this action to be heard in the same building by different judges and magistrate judges. The fact that this action "involves the sole remaining [potentially liable] insurers" does not enhance efficiency. Far from promoting judicial economy, forcing FSIC to litigate a declaratory judgment action against AIIC,

---

[3] *See* Map of route from Jackson County Courthouse to Omega Protein's Moss Point Facility: https://www.google.com/maps/dir/"/Omega+Protein,+Inc.,+Elder+Ferry+Road,+Moss+Point,+MS/@30.3964359,-88.5670916,13z/data=!3m1!4b1!4m13!4m12!1m5!1m1!1s0x0:0x6469b09494e0ddde!2m2!1d-88.5584505!2d30.3655668!1m5!1m1!1s0x889be9874f41fc4f:0x601a58f3b2d00357!2m2!1d-88.515095!2d30.423793; Map of route from this court to Omega's Moss Point Facility: https://www.google.com/maps/dir/Omega+Protein,+Inc.,+Elder+Ferry+Road,+Moss+Point,+MS/US+District+Court+Clerk,+15th+Street,+Gulfport,+MS/@30.4152181,-88.941724,11z/data=!3m1!4b1!4m13!4m12!1m5!1m1!1s0x889be9874f41fc4f:0x601a58f3b2d00357!2m2!1d-88.515095!2d30.423793!1m5!1m1!1s0x889c17db764c6699:0xdc3a29add1b2ce8f!2m2!1d-89.0874962!2d30.3701679

when AIIC seeks no relief from FSIC and there is no allegation that FSIC's coverage obligations are in dispute between FSIC and its insured, wastes judicial resources.

**5. Allowing This Action to Proceed Is Likely to Require This Court to Construe One or More State Court Judicial Decrees.**

AIIC asserts that there "is simply no state court judicial decree or judgment that has been rendered…for which review is being sought" in this action. That is true at the moment, but if the Jackson County Circuit Court grants either of the summary judgment motions now before it, this Court may be requested to address issues of collateral estoppel and res judicata arising from the Jackson County Court's rulings. This would require this Court to "construe a state judicial decree involving [at least one of] the same parties," AIIC, or all of the same parties if Omega and Accu-Fab are joined in this action. *Trejo*, 39 F.3d at 590. Accordingly, the case for abstention becomes stronger if the court finds, in response to FSIC's pending Rule 12(b)(7) motion, that Omega and Accu-Fab are required parties and must be joined in this action. *See* ECF Doc. 6.

**6. Conclusion.**

Whether the court applies the seven abstention criteria set out in *Trejo*, or the modified abstention criteria set forth in AIIC's Response and discussed in *Sherwin-Williams*, the outcome is the same: there is a compelling case for the court to abstain from hearing this action.

Respectfully submitted, this the 22nd day of September, 2016.

                                                  FIRST SPECIALTY INSURANCE CORPORATION

                                                  By: /s/ *David A. Barfield*
                                                       David A. Barfield, Esq.

David A. Barfield, Esq. (MSB No. 1994)
dbarfield@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
4450 Old Canton Road, Suite 210 (39211)
Post Office Box 16089
Jackson, Mississippi 39236-6089
Telephone: (601) 987-5300
Facsimile: (601) 987-5353

Dale T. Miller, ,Esq.
dale@lm-law.com
Lindemann Miller LLP
233 S Wacker Dr., Suite 8400
Chicago, IL 60606-6338
Telephone: 312-300-4505
Fax: 312-300-4525

## CERTIFICATE OF SERVICE

I, David A. Barfield, one of the attorneys of record for First Specialty Insurance Corporation, do hereby certify that I have this day caused to be sent via ECF, a true and correct copy of the above and foregoing document to:

Mark D. Morrison, Esq.
Adcock & Morrison, PLLC
P. O. Box 3308
Ridgeland, MS  39158

***ATTORNEY FOR PLAINTIFF***

So certified, this the 22nd day of September, 2016.

/s/ *David A. Barfield*
David A. Barfield

61544919.1