IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ASSOCIATED INTERNATIONAL INSURANCE COMPANY | § § § | PLAINTIFF |
| v. | § § | CIVIL NO.: 1:16cv239-HSO-JCG |
| FIRST SPECIALTY INSURANCE CORPORATION | § § § | DEFENDANT |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [6] AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO ABSTAIN [8]

Before the Court are the Motion to Dismiss [6] and the Motion to Abstain [8] filed by Defendant First Specialty Insurance Corporation.  Both Motions have been fully briefed.  Having considered the parties' submissions, the record, and relevant legal authority, the Court is of the opinion that the Motion to Dismiss [6] and the Motion to Abstain [8] should each be granted in part and denied in part.

Plaintiff's claim seeking a declaration with regard to Defendant's defense and indemnity obligations under Defendant's excess insurance policy with Defendant's insured, Omega Protein, Inc., will be dismissed because Plaintiff has not shown that there is an actual controversy between Plaintiff and Defendant, the two parties to this case.  The Court will decline to exercise jurisdiction over Plaintiff's claim seeking a declaration with regard to Plaintiff's defense and indemnity obligations under Plaintiff's excess insurance policy issued to its named insured, Accu-Fab & Construction, Inc., because a previously filed and pending state court proceeding will fully resolve this issue.  This civil action will be dismissed without prejudice.

# I. <u>BACKGROUND</u>

This dispute centers around liability insurance coverage under an excess liability policy (the "AIIC policy") issued by Plaintiff Associated International Insurance Company ("AIIC" or "Plaintiff") to its insured, Accu-Fab & Construction, Inc. ("Accu-Fab"), and an excess liability policy (the "FSIC policy") issued by Defendant First Specialty Insurance Corporation ("FSIC" or "Defendant") to its insured, Omega Protein, Inc. ("Omega").  Plaintiff seeks a declaratory judgment that it does not owe any duties of defense or indemnity on account of claims arising out of an explosion at the Omega fish processing facility and that such duties, if any, are owed instead by Defendant.  Compl. [1] at 8.

A.    <u>Factual Background</u>

On July 28, 2014, an explosion occurred at the Omega facility located in Moss Point, Mississippi.  *Id*. at 2.  The explosion was allegedly caused by the ignition of combustible gasses, including hydrogen sulfide and methane, escaping from a tank containing "stickwater," a by-product of the facility's manufacturing process.  *Id*. at 4.  At the time of the incident, Omega had contracted with Accu-Fab to perform industrial construction work on the premises.  *Id*. at 2.  The explosion resulted in one fatality, personal injuries to Accu-Fab workers, and property damage to the facility.  *Id*.

At the time of the accident, Omega was insured on a primary basis by Ace American Insurance Company ("Ace") and had an excess insurance policy (the "FSIC policy") with Defendant FSIC.  Compl. [1] at 2.  Accu-Fab was insured on a primary basis under a commercial general liability policy issued by Colony Insurance Company ("Colony"), and had an excess insurance policy (the "AIIC policy") with Plaintiff AIIC.  *Id*.

The Colony policy contained an endorsement authorizing "[a]ll persons or organizations as required by written contract with [Accu-Fab]" to be named as additional insureds.  Compl., Ex. B [1-2] at 49.  Accu-Fab's excess AIIC policy stated that it would "follow form over Additional Insureds covered in the [Colony policy] to the extent of their liability due to the negligence of the Named Insured."  Compl., Ex. C [1-3] at 5.  Accu-Fab's contract with Omega required Accu-Fab to name Omega as an additional insured on its insurance policies.  Mot. Dismiss, Ex. 1 [6-1] at 1.

Plaintiff and Colony have asserted in pending state court litigation that neither the primary nor excess AIIC policy affords any coverage to Omega as an additional insured for damages resulting from the explosion.  *See* Compl., Ex. D [1-4] and Compl., Ex. E [1-5].  Specifically, before any lawsuits had been filed in relation to this incident, Colony filed a complaint on April 17, 2015, in the Circuit Court of Jackson County, Mississippi, naming Accu-Fab and Omega as defendants

3

("the state court proceeding"), and seeking a declaratory judgment that Colony did not owe either Accu-Fab or Omega coverage under Colony's primary insurance policy.  *See* Compl., Ex. D [1-4], *Colony Insurance Company v. Accu-Fab and Construction, Inc.*, Case No. 2015-00,082 (Jackson Cty. Ct. Apr. 17, 2015).  Colony contended that various provisions of its policy, including a "Total Pollution Exclusion," precluded coverage for the explosion at the Omega facility.  *Id.* at 4-5.

Plaintiff AIIC, as Accu-Fab's excess insurer, intervened in the state court proceeding on May 15, 2015, also seeking a declaratory judgment that it owed no duties to defendants Accu-Fab and Omega under its excess liability policy.  *See* Compl., Ex. E [1-5].  Plaintiff asserted that, because the AIIC policy "follows form" with respect to the exclusions in the primary Colony policy, "to the extent there is no coverage for either Accu-Fab or Omega under the Colony policy, there is likewise no coverage afforded under that excess policy issued by [Plaintiff]."  *Id.* at 3. Plaintiff further argued that its policy contained an even more expansive definition of "pollutants" than the Colony policy, resulting in a broader pollution exclusion. *Id.* at 4.  Because the AIIC policy only afforded coverage for additional insureds "to the extent of their liability due to the negligence of the Named Insured," Plaintiff contended that it was only obligated to provide coverage to Omega for damages resulting from negligence on the part of Accu-Fab.  *Id.* at 3.  Defendant FSIC was not named as a party in the state court proceeding.

4

Other lawsuits have also been brought on account of the accident, including a wrongful death action arising from the death of Jerry Lee Taylor, II, who had been hired by a staffing agency, Global Employment Service, Inc., to work for Accu-Fab on the construction at the Omega facility.[1]  *See Taylor v. Omega Protein, Inc.*, Civil Action No. 1:15cv00286-HSO-JCG.  The *Taylor* wrongful death action was settled in January 2016, and both primary carriers, Ace and Colony, tendered their respective policy limits in the settlement.  Compl. [1] at 3.  Because the primary Ace and Colony policies have been exhausted, only the excess AIIC and FSIC policies are still potentially available to satisfy any remaining claims against Accu-Fab or Omega arising out of the explosion.  *Id.*

On June 7, 2016, Omega made demand on Plaintiff, as Accu-Fab's excess carrier, to settle claims asserted against Omega by Joshua Walls, an Accu-Fab worker allegedly injured in the explosion.  Resp. Mot. Dismiss, Ex. B [14-2].  On June 14, 2016, Omega made a second demand on Plaintiff for indemnification in the pending action *Walls v. Omega Protein, Inc.*, Civil Action No. 1:16cv00176-LG-RHW.  Resp. Mot. Dismiss, Ex. C [14-3].  In a letter to Omega's counsel dated June 22, 2016, Plaintiff AIIC denied coverage for any of the claims asserted against

---

[1] Other related pending claims include: *Walls v. Omega Protein, Inc.*, Civil Action No. 1:16cv00176-LG-RHW; *Colony Insurance Company v. First Specialty Insurance Corporation*, Civil Action No. 1:16cv00191-LG-RHW; *Gabel v. Omega Protein, Inc.*, Civil Action No. 1:16cv00328-LG-RHW; and *Davis v. Omega Protein, Inc.*, Civil Action No. 1:16cv00329-HSO-JCG.

5

Omega in the *Walls* litigation, taking the position that Omega did not qualify as an additional insured under its excess AIIC policy issued to Accu-Fab.  Resp. Mot. Dismiss, Ex. D [14-4].

B.   <u>Procedural History</u>

On June 21, 2016, Plaintiff instituted the present litigation by filing a Complaint [1] in this Court against Defendant on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, seeking two declaratory judgments.  First, Plaintiff seeks a declaration that it owes no obligations of defense or indemnity to either Accu-Fab or Omega in relation to the explosion under its AIIC policy.  Compl. [1] at 8.  Plaintiff asserts the same justifications for relief as it has raised in the state court proceeding: (1) that any exclusions which preclude coverage under the Colony policy are also applicable to the AIIC policy; (2) that Plaintiff's AIIC policy contains an even broader pollution exclusion than the Colony pollution exclusion; and (3) that Plaintiff's policy excludes coverage for additional insureds except for damages resulting from the actual negligence of its named insured, Accu-Fab.  *Id.*

Second, Plaintiff seeks a declaration that, because Defendant FSIC's excess policy "does not contain similar policy language," any duties of defense or indemnity that may be owed to Omega or other additional insureds are owed instead by Defendant.  *Id.* at 8.  Neither Accu-Fab nor Omega are named as parties to this case, however.

6

On August 25, 2016, Defendant filed the present Motion to Dismiss [6] and Motion to Abstain [8]. Defendant contends that dismissal is proper under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) because Plaintiff has failed to plead an "actual controversy" as required by the Declaratory Judgment Act, 28 U.S.C. § 2201, or a "case" or "controversy" as required by the United States Constitution. Mot. Dismiss [6] at 2. Defendant also seeks dismissal under Rule 12(b)(7) on grounds that Omega and Accu-Fab are required or necessary parties that should have been joined under Rule 19. *Id*.

Alternatively, Defendant requests that the Court exercise the discretion afforded by the Declaratory Judgment Act to abstain from exercising jurisdiction and allow the determination of Plaintiff's obligations to be resolved in the pending state court proceeding. Mot. Abstain [8] at 1. Defendant maintains that the state court has pending before it summary judgment motions that would resolve the coverage issues between Plaintiff, Accu-Fab, and Omega. Def.'s Mem. Supp. Mot. Abstain [9] at 2.

Plaintiff has filed a Response [14] in Opposition to Defendant's Motion to Dismiss [6], arguing that a viable "case or controversy" exists in that Plaintiff and Defendant would be potentially responsible as Omega's insurers if Omega were found liable in pending and potential future litigation arising out of the accident. Resp. Mot. Dismiss [14] at 2-3. Plaintiff maintains that joinder of Omega and Accu-

7

Fab is unnecessary in order to decide the issue of responsibility for satisfying outstanding claims arising from the incident.  *Id.* at 4.  Plaintiff also requests leave to amend the Complaint [1] in the event that the Court finds it to be deficient.  *Id.*

In Plaintiff's Response [16] in Opposition to Defendant's Motion to Abstain [8], Plaintiff takes the position that abstention would be improper because Defendant is not a party to the state court proceeding even though, as the only remaining potentially responsible insurers, Plaintiff and Defendant are the true parties in interest with respect to litigation arising out of the accident.  Resp. Mot. Abstain [16] at 3-4.

Defendant has filed a Reply [20] in Support of the Motion to Dismiss [6] arguing that the extrinsic evidence submitted by Plaintiff in its Response [14] to the Motion to Dismiss [6] is not properly before the Court and should be disregarded and, alternatively, that this evidence is irrelevant.  Reply Supp. Mot. Dismiss [20] at 4.  While acknowledging that joinder of Accu-Fab and Omega would not destroy diversity jurisdiction, Defendant urges the Court to weigh the duplicative effect that joinder would have in considering the Motion to Abstain [8].  *Id.* at 1.  Defendant further insists that amendment of the Complaint [1] would be futile and would not create a justiciable controversy such that Plaintiff's request for leave to amend should be denied.  *Id.* at 11.  Defendant also filed a Reply [21] in Support of the

8

Motion to Abstain [8] contending that there is a compelling case for abstention. Reply Supp. Mot. Abstain [21] at 5.

## II. DISCUSSION

A.   The Motion to Dismiss

1.   Legal Standard

a.   Dismissal pursuant to Rule 12(b)(1)

Defendant argues that it is entitled to dismissal for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  Mot. Dismiss [6] at 2.  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."  *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quotation omitted).  When the Court's subject-matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it.  *King v. U.S. Dep't of Veterans Affairs*, 728 F.3d 410, 413 (5th Cir. 2013).  The party who seeks to invoke the jurisdiction of the federal court "must prove by a preponderance of the evidence that the court has jurisdiction based on the complaint and evidence."  *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012).  The Court has the power to dismiss a complaint for lack of subject-matter jurisdiction on any one of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus

9

the court's resolution of disputed facts." *Barrera-Montenegro v. United States,* 74 F. 3d 657, 659 (5th Cir. 1996) (quoting *Voluntary Purchasing Grps., Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989)).

Defendant contends that subject-matter jurisdiction is lacking because the Complaint [1] fails to allege a "case" or "controversy" as required under Article III of the United States Constitution, or an "actual controversy" as required by the Declaratory Judgment Act.  Mot. Dismiss [6] at 2.[2]  Subject-matter jurisdiction to issue a declaratory judgment exists only when there is an "actual controversy" between the parties.  *See* 28 U.S.C. § 2201(a) (2012); *see also Texas v. West Publ'g. Co.,* 882 F.2d 171, 175 (5th Cir. 1989).  The "actual controversy" requirement under the Declaratory Judgment Act is identical to the "case or controversy" requirement of Article III of the Constitution.  *West Publ'g. Co.,* 882 F.2d at 175.  "Whether particular facts are sufficiently immediate to establish an actual controversy is a question that must be addressed on a case-by-case basis."  *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000).

"[A]pplying the ripeness doctrine in the declaratory judgment context presents a unique challenge . . . [n]onetheless, a declaratory judgment action, like any other action, must be ripe in order to be justiciable."  *Id*.  "[T]he ripeness

---

[2] Defendant does not contest the Court's diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Plaintiff is an Illinois corporation with its principal place of business in Illinois.  Defendant is a Missouri corporation with its principal place of business in Kansas. Compl. [1] at 1.

inquiry focuses on whether an injury that has not yet occurred is sufficiently likely to happen to justify judicial intervention." *Chevron U.S.A., Inc. v. Traillour Oil Co.*, 987 F.2d 1138, 1153 (5th Cir. 1993). "Declaratory judgments are typically sought before a completed 'injury-in-fact' has occurred, but still must be limited to the resolution of an 'actual controversy.'" *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000) (citations omitted). As a general rule, an actual controversy exists when "a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interests." *Middle S. Energy, Inc. v. City of New Orleans,* 800 F.2d 488, 490 (5th Cir. 1986). "A controversy, to be justiciable, must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop." *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967).

### b. Dismissal pursuant to Rule 12(b)(6)

Defendant also seeks dismissal for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). Mot. Dismiss [6] at 2. Defendant grounds this request on the same argument that Plaintiff has failed to plead an "actual controversy" as required by the Declaratory Judgment Act. *Id*.

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

11

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  In deciding a Rule 12 motion to dismiss, the Court accepts all well-pleaded facts as true and views them in the light most favorable to Plaintiff.  *New Orleans City v. Ambac Assur. Corp.*, 815 F.3d 196, 199 (5th Cir. 2016).  Even so, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  In a declaratory judgment action, a plaintiff must state "sufficient facts to state a claim to satisfy the actual case and controversy requirement for a federal declaratory judgment action."  *Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 751 (N.D. Tex. 2013).

c. Dismissal pursuant to Rule 12(b)(7)

Defendant further maintains that Omega and Accu-Fab are necessary parties that should have been joined to this action.  Def.'s Mem. Supp. Mot. Dismiss [7] at 9-11.  Rule 12(b)(7) provides for dismissal for failure to join a required party under Rule 19.  FED. R. CIV. P. 12(b)(7).  Dismissal for failure to join a required party is warranted if both prongs of a two-step inquiry are met under Rule 19.  *See HS Res., Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003).  First, under Rule 19(a), the

Court must decide if an absent party should be joined to the action.  A party is

necessary if:

> (A) in that person's absence, the court cannot accord complete relief
> among existing parties; or
>  (B) that person claims an interest relating to the subject of the action
> and is so situated that disposing of the action in the person's absence
> may:
>> (i) as a practical matter impair or impede the person's ability to
>> protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of
>> incurring double, multiple, or otherwise inconsistent obligations
>> because of the interest.

FED. R. CIV. P. 19(a)(1).  Second, if the absent party is a necessary party but joinder

is not feasible because it would destroy complete diversity, the Court must decide

under Rule 19(b) whether to proceed with the action despite the absence of the

required party or whether to dismiss the action.  *HS Res., Inc.*, 327 F.3d at 439.

> 2. Plaintiff's claim seeking a declaration of the scope of its obligations to
> Omega and Accu-Fab presents an actual controversy, but Plaintiff's
> second claim seeking a declaration of Defendant's obligations to Omega
> under Defendant's excess FSIC policy will be dismissed for lack of subject-
> matter jurisdiction.

Defendant seeks dismissal pursuant to Rule 12(b)(1) and Rule 12(b)(6) on

essentially the same grounds.  Because the "case or controversy" requirement of

Article III is identical to the "actual controversy" requirement of the Declaratory

Judgment Act, the Court will address these two arguments for dismissal together.

*See West Publ'g. Co.,* 882 F.2d at 175.

13

The Court finds that AIIC has presented an "actual controversy" with regard to the scope of Plaintiff's AIIC policy and its obligations to both Accu-Fab and Omega for claims arising out of the explosion. "The threat of litigation, if specific and concrete, can indeed establish a controversy upon which declaratory judgment can be based." *Orix*, 212 F.3d at 897. Plaintiff has instituted litigation in the state court proceeding against Omega, and Omega has moved for summary judgment with respect to two of the AIIC policy exclusions that Plaintiff claims precludes coverage for Omega. *See* Motion to Dismiss Ex. 1 [6-1]; Ex. 2 [6-2].

Plaintiff's Complaint [1] also alleges that "Omega has asserted various claims against AccuFab for property damage to its production facility, as well as other economic losses," which may implicate the AIIC policy. Compl. [1] at 4. In addition to denying coverage to Omega as an additional insured, Plaintiff also denies that its policy affords coverage for Omega's property damage claims against the named insured Accu-Fab under a "Care, Custody or Control Exclusion." Compl. [1] at 6.

Although Defendant argues that any controversy surrounding the AIIC policy is actually between Plaintiff AIIC and Omega and Accu-Fab, rather than between Plaintiff and Defendant FSIC, the Court need not reach the issue of whether Accu-

14

Fab and Omega are necessary parties under Rule 19(a) because it will abstain from this claim under the *Brillhart* abstention doctrine.[3]  *See* Section II. B. 2., *infra*.

With regard to Plaintiff's second claim for a declaration of Defendant FSIC's obligations to Omega, the Court finds that there is no "actual controversy" here. The Complaint [1] does not allege that Omega has made any demand on Defendant FSIC for either defense or indemnification under the FSIC policy, or that Defendant has refused to defend or indemnify Omega or contribute to a settlement.  While it is possible that in the future Omega may be held liable or will settle the litigation pending against it, Plaintiff has not shown that there is any current dispute between Omega and Defendant FSIC with respect to any obligations Defendant may or may not have under its FSIC policy.

Nor does the Complaint [1] allege that any claim for contribution has been made on Defendant by Plaintiff, or vice versa.  Further, if the state court proceeding were to be resolved in Plaintiff's favor, Plaintiff would owe no obligations to Omega and would not be concerned with any potential dispute between Omega and Defendant.  The Court finds that the potential dispute that Plaintiff seeks to resolve through a declaratory judgment against Defendant as to Defendant's obligations to

---

[3] The Court will also not decide the issue of joinder with regard to the claim seeking a declaration of Defendant's obligations, because it will grant the Motion to Dismiss [6] as to this claim on other grounds.  Even if the Court were to find that Omega and Accu-Fab were necessary parties, joinder of these parties would not destroy diversity jurisdiction so the Court need not engage in the Rule 19(b) analysis of whether the absent parties are indispensable.

15

Omega is largely "hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop." *Brown & Root*, 383 F.2d at 665. A ruling on the declaratory judgment action would essentially amount to an opinion advising the parties what the law would be should Omega ultimately be found liable in the pending lawsuits arising from the accident. *See Life Partners, Inc. v. Life Ins. Co. of N. Am.*, 203 F.3d 324, 325 (5th Cir. 1999) (per curiam) ("Federal courts do not render advisory opinions."). Accordingly, Plaintiff's second claim for a declaratory judgment regarding Defendant's obligations to Omega under the FSIC policy will be dismissed without prejudice.

In addition, the Court will decline Plaintiff's request to amend the Complaint [1]. Whether to allow amendment of a pleading is within the discretion of the Court. *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). Federal Rule of Civil Procedure 15 provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In considering whether to grant a party leave to amend a complaint, district courts should consider the following: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). Because the Court has determined that it lacks subject-matter jurisdiction over the claim seeking a declaration of Defendant's obligations, if any, to Omega, it finds that any

16

attempt to amend the Complaint [1] would be futile and would unnecessarily delay the resolution of this action.

B.     <u>The Motion to Abstain</u>

    1.  <u>Legal Standard</u>

Generally, when a district court has jurisdiction over a claim, it has a "virtually unflagging" obligation to hear and decide the case.  *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 591 (2013) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).  However, the Declaratory Judgment Act confers discretion on federal courts in deciding whether to exercise jurisdiction and determine the rights of the parties.  28 U.S.C. § 2201(a) (2012).  As a result of this statutory discretion, the United States Supreme Court has explained that district courts are "under no compulsion" to exercise jurisdiction over suits seeking declaratory judgments.  *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942).  The Supreme Court reaffirmed *Brillhart* in *Wilton v. Seven Falls Co.*, holding that courts have substantial discretion to determine "whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject-matter jurisdictional prerequisites."  515 U.S. 277, 282 (1995).  "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."  *Id.* at 288.

Accordingly, "[w]hen a district court is considering abstaining from exercising jurisdiction over a declaratory judgment action, it must apply standards derived from *Brillhart*." *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 950 (5th Cir. 1994) (per curiam).[4]  The United States Court of Appeals for the Fifth Circuit has established a three-step inquiry for district courts to undertake when determining whether to abstain from a declaratory judgment action.  *Orix*, 212 F.3d at 895.  The Court must first resolve whether the declaratory action is justiciable, which typically "becomes a question of whether an 'actual controversy' exists between the parties to the action." *Id*.  If jurisdiction exists, the Court must then determine whether it has the authority to grant declaratory relief. *Id.*  Third, the Court must determine whether to exercise its broad discretion to decide or dismiss the action. *Id.*

As to step three, the Fifth Circuit announced seven nonexclusive factors in *St. Paul Insurance Company v. Trejo* to consider in determining whether to decide or dismiss a declaratory action.  39 F.3d 585, 590-91 (5th Cir. 1994).  These "factors seek to balance three broad policy considerations: (1) federalism and the allocation

---

[4] Because this action seeks only a declaratory judgment rather than coercive relief, the more stringent "exceptional circumstances" standard from *Colorado River* does not apply. *See Wilton*, 515 U.S. 277 at 286; *see also African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 797 n.29 (5th Cir. 2014) ("A purely declaratory action affords a court broad discretion to defer to a parallel state proceeding.  However, when an action involves coercive relief, the court must apply the abstention standard set forth in [*Colorado River*], under which the court's discretion to dismiss is narrowly circumscribed and is governed by a broader exceptional circumstances standard.") (internal citations and quotations omitted).

of decision-making between state and federal courts; (2) fairness and the risk of improper forum shopping; and (3) efficiency and judicial economy." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Trotter*, No. CIV.A. 12-2064, 2013 WL 2369800, at *3 (E.D. La. May 29, 2013) (citing *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 390-91 (5th Cir. 2003)).  These factors are:

<div style="margin-left:2em">

(1)    whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2)    whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3)    whether the plaintiff engaged in forum shopping in bringing the suit;

(4)    whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

(5)    whether the federal court is a convenient forum for the parties and witnesses;

(6)    whether retaining the lawsuit would serve the purposes of judicial economy; and

(7)    whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

</div>

*Sherwin-Williams*, 343 F.3d at 388.

> 2.    <u>The Court will abstain from exercising jurisdiction over the claim seeking a declaration of the scope of Plaintiff's obligations to Accu-Fab and Omega under Plaintiff's excess policy.</u>

As the Court has already concluded, Plaintiff's second claim seeking a declaration of the obligations of Defendant is not justiciable, and the Motion to Dismiss [6] will be granted as to that claim.  *See supra* Section II. A. 2.  As to

19

Plaintiff's first claim seeking a declaration of its own obligations under its AIIC excess policy, engaging in the three-step inquiry established by the Fifth Circuit leads the Court to reach the same conclusion it made in Section II. A. 2., that the first requirement of justiciability is satisfied as to Plaintiff's first claim.  With respect to the second requirement, the Court has authority to grant declaratory relief.[5]  *See Sherwin-Williams*, 343 F.3d at 387–88.  Third, the Court concludes that abstention is proper under *Brillhart* after weighing the *Trejo* factors with regard to Plaintiff's claim seeking a declaration of its own obligations under the AIIC policy.

The first *Trejo* factor, whether there is a pending state action in which all of the matters in controversy may be fully litigated, concerns both efficiency and

---

[5] A district court lacks authority to decide a declaratory judgment action when issuing a declaratory judgment would be tantamount to enjoining a state proceeding in violation of the Anti-Injunction Act, 28 U.S.C. § 2283.

> Thus, as a general rule, the district court may not consider the merits of the declaratory judgment action when 1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, 2) the state case involves the same issues as those involved in the federal case, and 3) the district court is prohibited from enjoining the state proceedings under the Anti–Injunction Act.

*Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993) (internal citation omitted).  These conditions are not present here because, at the time this suit was filed, Defendant had not previously filed a state court proceeding against Plaintiff involving the same issues as those involved in this federal action.  *See, e.g., Colony Ins. Co. v. Ambling Mgmt. Co.*, 965 F. Supp. 2d 783, 789 (S.D. Miss. 2013) ("Since no cause of action was pending against [the plaintiff] in state court at the time its federal complaint for declaratory relief was filed, the court does not *lack authority* to consider [the plaintiff's] declaratory judgment compliant [sic].") (emphasis in original).

20

comity.  *Sherwin–Williams*, 343 F.3d at 391.  "[I]f the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit."  *Id.* at 390-91.  There is no *per se* rule requiring a district court to decide a declaratory judgment action when there is not a perfectly parallel pending state court proceeding involving identical parties.  *Id.* at 394.  Here, the pending state court action is not perfectly parallel because Defendant is not a party in that case.  However, the state court proceeding will fully resolve the legal issues presented by Plaintiff's first claim for declaratory judgment seeking a declaration of Plaintiff's own obligations, namely, the scope of Plaintiff's AIIC insurance policy and its obligations to the named and additional insureds.  These are distinctly state law issues.  Accordingly, the first factor weighs in favor of abstention as to Plaintiff's first claim.

The second and third *Trejo* factors, whether Plaintiff filed suit in anticipation of a lawsuit filed by Defendant and whether Plaintiff engaged in forum shopping in bringing the suit, address fairness concerns and "whether the plaintiff is using the declaratory judgment process to gain access to a federal forum on improper or unfair grounds."  *Id.* at 391.  While Plaintiff may have filed this suit in anticipation of future litigation, "[m]erely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself

improper anticipatory litigation or otherwise abusive 'forum shopping.'" *Id*. at 390. The Court is of the opinion that the filing of this action was neither in improper anticipation of a lawsuit filed by Defendant nor an abusive means of forum shopping.  The second and third factors do not weigh in favor of abstention.

The fourth *Trejo* factor, whether there exist possible inequities by allowing Plaintiff to gain precedence in time or to change forums, also addresses fairness considerations.  *Id*. at 391.  The Court finds that it would be inequitable to permit Plaintiff to resolve its obligations to Accu-Fab and Omega in this proceeding when they are not parties to this action.  The coverage issues surrounding Plaintiff's obligations as they are presented in this case are identical to the coverage issues currently before the state court.  Any opinion reached by this Court might potentially contradict a ruling in the state court, which would create inequities by giving Plaintiff precedence in time and forum over the parties in the state court proceeding.  The Court finds that this factor weighs in favor of abstention because allowing Plaintiff to proceed in seeking declaratory relief under these circumstances would be inequitable.

The fifth *Trejo* factor, whether the Court is a convenient forum for the parties and witnesses, is neutral.  There is no indication that this Court is a more or less convenient forum than the Circuit Court of Jackson County, Mississippi.

The sixth *Trejo* factor, whether retaining the lawsuit would serve the purposes of judicial economy, addresses efficiency considerations and weighs in favor of abstention.  As the Fifth Circuit stated in *Sherwin-Williams*:

> [a] federal court should be less inclined to hear a case if necessary parties are missing from the federal forum, because that leads to piecemeal litigation and duplication of effort in state and federal courts.  Duplicative litigation may also raise federalism or comity concerns because of the potential for inconsistent state and federal court judgments, especially in cases involving state law issues.

*Id.* at 391.

Here, the pending state court proceeding will determine the same coverage question that is at issue in Plaintiff's first claim in this action.  "Were the Court to retain this coverage dispute, the coverage issues would be litigated in both state and federal courts, which would not serve judicial economy." *Burlington Ins. Co. v. Brushy Creek Timber Co.,* No. 3:13CV1077-DPJ-FKB, 2014 WL 1882473, at *3 (S.D. Miss. May 12, 2014).  Additionally, if the Court were to join Omega and Accu-Fab as necessary parties, they would be required to litigate the same issue in this forum as they are currently litigating in state court, which would not promote efficiency and would potentially result in inconsistent judgments as to the scope of the AIIC policy. *See United Nat. Ins. Co. v. Jackson Redev. Auth. Bd. of Comm'rs,* No. 3:14-CV-466-CWR, 2015 WL 144930, at *2 (S.D. Miss. Jan. 12, 2015) ("[E]fficiency would be

better served here by having one court resolve all claims in one action, rather than by splitting the case up into parallel proceedings.").

Finally, the seventh *Trejo* factor, whether the federal court is being called upon to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending, is currently inapplicable.  At this time there is no need to construe a state judicial decree to resolve the issues in this case.  However, resolution of Plaintiff's claims in the state court proceeding could eventually require this Court to construe a state judicial decree concerning issues in this litigation.  This factor is at least neutral and more likely weighs in favor of abstention.

Weighing the *Trejo* factors together, the Court is of the view that it should decline to exercise its jurisdiction to hear this declaratory judgment action as it relates to deciding any obligations owed by Plaintiff under its AIIC excess policy issued to Accu-Fab.  This claim will be dismissed without prejudice.

## III. <u>CONCLUSION</u>

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result.  The Court finds that Defendant FSIC's Motion to Dismiss [6] should be granted in part with regard to Plaintiff's second claim seeking a declaration of the obligations of Defendant FSIC under its policy, on the grounds that Plaintiff has not identified an

24

actual controversy sufficient to bring a declaratory judgment action deciding the rights and obligations as between Defendant and its insured Omega.

Next, the Court will exercise its discretion to abstain from deciding Plaintiff's first claim for declaratory relief, the scope of Plaintiff's obligations to Accu-Fab and Omega under Plaintiff's policy, because this identical issue is pending in a previously filed declaratory judgment action in state court. The Motion to Abstain [8] will therefore be granted in part with respect to Plaintiff's claim regarding its own obligations under the AIIC policy. Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant First Specialty Insurance Corporation's Motion to Dismiss [6] and Motion to Abstain [8] are **GRANTED IN PART and DENIED IN PART**.

**IT IS**, **FURTHER**, **ORDERED AND ADJUDGED** that Plaintiff's claims in this case are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 18th day of November, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

25